UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GWEN ZAGORSKI,

          Plaintiff,

    vs.

PENNANT GROUP, INC.,

     and

BRENWOOD PARK SENIOR
COMMUNITY II, LLC,

          Defendants.

Case No. 21-cv-1059
Removed from the Circuit Court of
Milwaukee County, Wisconsin, Case No.
2021-cv-003221

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

Defendants The Pennant Group, Inc. (incorrectly named Pennant Group, Inc.) and Brenwood Park Senior Community II, LLC (collectively, "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441, and 1446 and hereby remove this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin. This removal is based upon federal question jurisdiction under 28 U.S.C. § 1331. In support of its Notice of Removal, Defendants state as follows:

I.      **THE STATE COURT ACTION**

1.      On May 28, 2021, Plaintiff Gwen Zagorski ("Zagorski") filed this lawsuit in the Circuit Court of Milwaukee County, Wisconsin, titled *Gwen Zagorski v. Pennant Group, Inc. and Brenwood Park Senior Community II, LLC*, Case No. 2021-cv-003221 (the "State Court Action").

2.      On August 24, 2021, Defendants' counsel accepted service of the Summons and Complaint on behalf of Defendants.

3.     Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit 1** are true and correct copies of "all process, pleadings and orders" that have been served upon Defendants in the State Court Action, which are limited to Plaintiff's Summons and Complaint.

4.     Plaintiff's Complaint purports to assert causes of action for Defendants' alleged failure to properly pay wages under the federal Fair Labor Standards Act and Wisconsin Wage Payment and Collection Laws.

## II.     REMOVAL IS TIMELY

5.     Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …"  28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from service of summons and complaint).

6.     Defendants were served with the Summons and Complaint on August 24, 2021, the day Defendants' counsel accepted service of the Summons and Complaint on behalf of Defendants.  Thirty days from August 24, 2021 is September 24, 2021.  Consequently, this Notice of Removal is timely.

## III.     VENUE

7.     Because the Circuit Court of Milwaukee County, Wisconsin lies in the Eastern District of Wisconsin, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 130(a), 1391, 1441(a), and 1446(a).

## IV.     GROUNDS FOR REMOVAL

8.     Removal is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9.     Plaintiff's Complaint asserts a cause of action that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (the "FLSA").

2

10.     The Complaint is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a cause of action that expressly "arise[s] under" the FLSA, which is a "law[] . . . of the United States."

11.     Plaintiff's Complaint therefore raises a federal question over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

12.     Plaintiff's complaint also purports to assert state law claims for alleged violations of state law, specifically violations of the Wisconsin Wage Payment and Collection Laws ("WWPCL").

13.     This Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a), which provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims arise from the same controversy that gave rise to Plaintiff's federal claim and are so related to the federal claim that they form part of the same case or controversy pursuant to Article III of the United States Constitution and arise from a common nucleus of operative facts. Specifically, all of Plaintiff's claims arise from her employment with Defendants and her allegations that Defendants failed to properly compensate her under federal and state law. As such, the state law claims are within the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and the entire case may properly be removed to this Court. *See, e.g.*, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 430 (7th Cir. 2009).

15.     The parties have agreed to arbitrate disputes between them.  Because there is a limited period of time during which Defendants may remove this action, however, Defendants first seek to remove the case to this Court.  After removal, Defendant intends to bring a motion to dismiss or, in the alternative to stay proceedings and compel arbitration.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

16.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff.

17.     A Civil Cover Sheet is filed concurrently herewith.

## VI.     CONCLUSION

18.     For the foregoing reasons, removal of this case is proper under 28 U.S.C. §§ 1331, 1441, and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-captioned matter to this Court from the Circuit Court of Milwaukee County, Wisconsin, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it until such time as Defendants seek to compel this matter to arbitration in accordance with the agreement of the parties.

4

Respectfully submitted this 13th day of September, 2021.

PENNANT GROUP, INC. and BRENWOOD
PARK SENIOR COMMUNITY II, LLC


By: ___/s/ Jennifer L. Ciralsky_____
One of Their Attorneys

Jennifer L. Ciralsky (SBN 1068092)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI  53202
Telephone: 414.291.5536
Facsimile:  414.291.5526
jciralsky@littler.com
ckaiser@littler.com