# Exhibit 1

FILED
05-28-2021
John Barrett
Clerk of Circuit Court
2021CV003221
Honorable Christopher R. Foley-14
Branch 14

| STATE OF WISCONSIN | CIRCUIT COURT<br>CIVIL DIVISION | MILWAUKEE COUNTY |
|---|---|---|

GWEN ZAGORSKI,
3615 South 20th Street
Milwaukee, WI 53221,

    Plaintiff,

v.

PENNANT GROUP, INC.,
1675 East Riverside Drive, Suite 150
Eagle, ID 83616,

    and

BRENWOOD PARK SENIOR COMMUNITY II, LLC,
9535 West Loomis Road
Franklin, WI 53132,

    Defendants.

**SUMMONS**

Case No.: _____
Classification Code: 30301

**Jury Trial Demanded**

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiff's attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney

1

help or represent you.

If you do not provide an answer within twenty (20) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated: May 28, 2021   ADEMI LLP

By: *Electronically signed by Ben J. Slatky*
Ben J. Slatky (State Bar No. 1106892)
*Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

FILED
05-28-2021
John Barrett
Clerk of Circuit Court
2021CV003221
Honorable Christopher R.
Foley-14
Branch 14

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|
| | CIVIL DIVISION | |

GWEN ZAGORSKI,
3615 South 20th Street
Milwaukee, WI 53221,

   Plaintiff,

v.

PENNANT GROUP, INC.,
1675 East Riverside Drive, Suite 150
Eagle, ID 83616,

  and

BRENWOOD PARK SENIOR COMMUNITY II, LLC,
9535 West Loomis Road
Franklin, WI 53132,

   Defendants.

**CLASS ACTION COMPLAINT**

Case No.: _____
Classification Code: 30301

**Jury Trial Demanded**

COMES NOW Plaintiff Gwen Zagorski, individually and on behalf of all others similarly situated, by her Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1. This class action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Wisconsin Wage Payment and Collection Laws, Wis. Stat. § 103.001 et seq., Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 109.01 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3) because Defendants' acts or omissions occurred within the state and caused injury to Plaintiff within the state.

3. Venue in Milwaukee County is proper because a substantial part of the events or omissions giving rise to these claims occurred within Milwaukee County. Wis. Stat. § 801.50.

## PARTIES

4. Plaintiff Gwen Zagorski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1), in that Defendant permitted Plaintiff to perform work for it in a variety of capacities, as well as Wis. Stats. §§ 103.001(5), 104.01(2), and 109.01(1r).

6. As required by 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party plaintiff in this action and the written consent form is attached hereto as Exhibit A.

7. Defendant Pennant Goup, Inc. ("Pennant") is a foreign business corporation with its principal place of business located at 1675 East Riverside Drive, Suite 150, Eagle, ID 83616.

8. Pennant operates over 50 Assisted Living facilities across the United States. Upon information and belief, Pennant maintains an annual revenue substantially in excess of $50,000.00.

9. Defendant Brenwood Park Senior Community II, LLC ("Brenwood") is a domestic limited liability company with its principal place of business located at 9535 West Loomis Road, Franklin, WI 53132.

10. Together, Pennant and Brenwood operate an Assisted Living facility located at the above address in Franklin, WI (the "Franklin Facility"). Upon information and belief, the Franklin Facility has the capacity to accommodate approximately 50 residents, and Brenwood maintains an annual revenue substantially in excess of $50,000.00.

2

11. Brenwood and Pennant are each an "employer" as defined by 29 U.S.C. § 203(d), Wis. Stat. §§ 103.001(6), and 109.01(2) in that Brenwood and Pennant permitted Plaintiff to work as a Resident Assistant.

## FACTS

12. Together, Pennant and Brenwood operate the Franklin Facility. Defendants are joint employers of all employees working at Franklin Facility in that Pennant sets uniform policies governing the work and compensation of all employees and Brenwood is directly responsible for supervising employees and enforcing such policies. Additionally, Pennant coordinates the hiring process for each of its facilities nationwide and assists in the administration of payroll for all of its employees.

13. At the Franklin Facility and across facilities operated by Pennant nationwide, Defendants employ numerous individuals as employees who are compensated on the basis of an hourly rate (the "Hourly Employees"), including but not limited to: (1) Resident Assistants; (2) Culinary/Kitchen staff; and (3) Custodial staff.

14. The primary responsibility of Resident Assistants include: assisting residents with personal hygiene, nutritional and fluid intake, and ambulation and positioning, as well as dressing residents, changing bed linens, dispensing medication, and monitoring and recording vital signs.

15. Defendants employee three shifts of Resident Assistants in any given 24-hour period: (1) First-shift caregivers are designated to work from 7:00 a.m. through 3:00 p.m., (2) Second-shift caregivers are designated to work from 3:00 p.m. through 11:00 p.m., and (3) third-shift caregivers are designated to work from 11:00 a.m. through 7:00 a.m.

16. Defendants automatically deduct one-half hour from each shift worked by their Hourly Employee, regardless of the shift assigned, purported to account for a meal break, through the Hourly Employees employed by Defendant routinely work through their lunch.

17. Resident Assistants, in particular, typically carrier pagers at all times, including meal breaks, in order to relay assignments, and Resident Assistants are expected to respond to calls during meal breaks.

18. Plaintiff worked as a Resident Assistant for Defendants at the Franklin Facility from 2003 through December 2020.

19. In the course of her employment with Defendants, Plaintiff regularly worked through her lunch. Upon information and belief, although Plaintiff was regularly credited for performing less than 40 hours per week, Plaintiff's uncompensated meal periods would have accounted for Plaintiff working in excess of 40 hours per week during various weeks in the three year period preceding the commencement of the present action.

20. Additionally, on or around December 28, 2020, Plaintiff suffered from a heart-attack during one of her shifts working for Defendants, which was exacerbated as a result of Plaintiff's immediate supervisor repeatedly refusing to grant Plaintiff permission to leave work in order to seek immediate medical attention. As a result of the severity of the heart attack, Plaintiff was unable to return to work.

21. 29 U.S.C. § 207(a)(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

22. Wis. Stats. § 103.02 provides:

No person may be employed or be permitted to work in any place of employment or at any employment for such period of time during any day, night or week, as is dangerous or prejudicial to the person's life, health, safety or welfare. The department shall investigate, ascertain, determine and fix such reasonable classification, and promulgate rules fixing a period of time, or hours of beginning and ending work during any day, night or week, which shall be necessary to protect the life, health, safety or welfare of any person, or to carry out the purposes of ss. 103.01 to 103.03. The department shall, by rule, classify such periods of time into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and one-half times the regular rates. Such investigations, classifications and orders shall be made as provided in s. 103.005 and the penalties under s. 103.005 (12) shall apply to and be imposed for any violation of ss. 103.01 to 103.03….

23. Wis. Admin. Code § DWD 272.12 provides:

(1) PRINCIPLES FOR DETERMINATION OF HOURS WORKED.

   (a) General requirements of sections.

   1. Employees subject to the statutes must be paid for all time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business." The workweek ordinarily includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place."

   2. "Workday," in general, means the period between "the time on any particular workday at which such employee commences their principal activity or activities" and "the time on any particular workday at which they cease such principal activity or activities." The "workday" may thus be longer than the employee's scheduled shift, hours, tour of duty, or time on the production line. Also, its duration may vary from day to day depending upon when the employee commences or ceases their "principal" activities.

(2) APPLICATION OF PRINCIPLES.

   …

   (c) Rest and meal periods.

   1. Rest. Rest periods of short duration, running less than 30 minutes are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

5

> 2. Meal. Bona fide meal periods of 30 minutes or more are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if they are required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at their desk or a factory worker who is required to be at their machine is working while eating.

24. Wis. Admin. Code § DWD 274.03 provides: "Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."

## COUNT I - FLSA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. By automatically deducting a half-hour from each shift for a meal break when Plaintiff and class members did not actually take such a meal break, Defendant failed to compensate employees for all hours worked.

27. Defendants thereby violated 29 U.S.C. § 207(a)(1).

28. Defendants knew and/or showed reckless disregard for whether its conduct violated the FLSA.

## COUNT II - WWPCL

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. By automatically deducting a half-hour from each shift for a meal break when Plaintiff and class members did not actually take such a meal break, Defendant failed to compensate employees for all hours worked.

31. Defendant thereby violated Wis. Stats. § 103.02 as well as Wis. Admin. Code §§ DWD 272.12 and 274.03.

32. Defendants knew and/or showed reckless disregard for whether its conduct violated the WWPCL.

### COUNT III - WWPCL

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34. By refusing to grant Plaintiff permission to leave work in order to seek immediate medical attention for her heart attack, Defendant caused Plaintiff to work for a period which was dangerous to her life, health, safety, and welfare.

35. Defendant thereby violated Wis. Stats. §§ 103.02.

36. Defendants knew and/or showed reckless disregard for whether its conduct violated the WWPCL.

### CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of four collective actions/classes:

   i. all natural persons in the United States of America, who were employed by Pennant and/or Brenwood as Hourly Employees, (c) from May 28, 2018 through the present.

   ii. all natural persons in the state of Wisconsin, (b) who were employed by Pennant and/or Brenwood as Hourly Employees, (c) from May 28, 2018 through the present.

  iii. all natural persons in the United States of America, who were employed by Pennant and/or Brenwood as Resident Assistants, (c) from May 28, 2018 through the present.

  iv. all natural persons in the state of Wisconsin, who were employed by Pennant and/or Brenwood as Resident Assistants, (c) from May 28, 2018 through the present.

38. Each class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

  (a) actual damages;

  (b) statutory damages;

 (c) attorneys' fees, litigation expenses and costs of suit; and

 (d) such other or further relief as the Court deems proper.

Dated: May 28, 2021

        **ADEMI LLP**

      By: <u>*Electronically signed by Ben J. Slatky*</u>
         Shpetim Ademi (SBN 1026973)
         Ben J. Slatky (SBN 1106892)
         3620 East Layton Avenue
         Cudahy, WI 53110
         Phone No.: 414.482.8000
         Fax No.: 414.482.8001
         sademi@ademilaw.com
         bslatky@ademilaw.com

# EXHIBIT A

# PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 USC § 201, et seq., against Brenwood Park Senior Community II, LLC and Pennant Group, Inc. for unpaid wages. During the past three years, I was not compensated for all hours worked for Brenwood Park Senior Community II, LLC and Pennant Group, Inc. I understand that this case may or may not proceed collectively. If this case does not proceed collectively, I consent to pursue my claim individually through this or a subsequent action. I also understand that I may with withdraw my consent at any time by notifying the attorneys handling this matter.

_Gwen Zagorski 3/_
Signature and Date

GWEN ZAGORSKI
Print Name